David L. Mazaroli
Attorney for Plaintiff
250 Park Avenue – 7th Floor
New York, NY 10177-001
Tel. (212)267-8480
Fax. (212)732-7352
e-mail: dlm@mazarolilaw.com

---------------------------------------------------------------x
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                       :      ECF CASE

FEDERAL INSURANCE COMPANY,
a/s/o Zachy's Wine & Liquor Store, Inc.,      :

            Plaintiff,                     :      **COMPLAINT**

    - against -                                :

CONNOISSEUR INTERNATIONAL       :
DISTRIBUTION LTD.; SCANDINAVIAN
AIRLINES SYSTEM;

            Defendants.
-----------------------------------------------------------------x

      Plaintiff, through its undersigned attorney, alleges as follows for its complaint against Defendants upon information and belief:

      1.    This action involves damage and loss to a shipment of wine which Defendants contracted to carry from Sweden to the United States.

      2.    Plaintiff Federal Insurance Company (hereinafter "Plaintiff" or "Federal") is an Indiana corporation with its principal place of business in New Jersey.

      3.    Federal sues herein as subrogee of Zachy's Wine & Liquor Store, Inc. ("Zachy's") who was at all material times a New York Corporation with its principal place of business in White Plains, New York. Federal also sues for and on behalf of Zachy's to the extent of its deductible interest in the claim in suit.

4. Zachy's was the purchaser, owner, and consignee of the shipment of wine, the named consignee on the lead air waybill, and the entity which sustained damages as a result of the claimed cargo damage and loss.

5. Defendant Scandinavian Airlines System ("SAS"), also doing business as Scandinavian Airlines System Denmark-Norway-Sweden, is believed to be an alien corporation, or a consortium of alien corporations, with its principal place of business in Stockholm. SAS, as a consortium, is believed to be organized and existing under the laws of Denmark, Norway and Sweden, and has been represented to be owned by constituent companies SAS Sverige AB, SAS Danmark A/S, and SAS Norge AS, each of whom is believed to be an alien corporation with its principal place of business in a foreign country.

6. Defendant Connoisseur International Distribution Ltd. ("Connoisseur") is believed to be an alien corporation organized under the laws of, and with its principal place of business in, England.

7. This action arises under a treaty of the United States, specifically the Convention for Unification of Certain Rules for International Carriage by Air, Done at Montreal on 28 May 1999, reprinted in S. Treaty Doc. No 106-45, 1999 WL 33292734 (2000) (entered into force Nov. 4, 2003) ("Montreal Convention").

8. This Court also has federal question subject matter jurisdiction pursuant to 28 U.S.C.A. § 1331 as the claims in suit arise under federal law, including federal common law, and/or are supplemental claims within the meaning of 28 U.S.C. § 1367 to certain of the foregoing claims.

9. Concurrently there is diversity subject matter jurisdiction pursuant to 28 U.S.C.A. § 1332 as the citizenship of the parties is diverse and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the relevant door-to-door carriage was contracted to be performed in whole or in part within this District and the place of delivery of the shipment was in White Plains, New York, the domicile of Plaintiff's subrogor.

11. This action arises from damage to a shipment of 995 bottles (767.25 liters) of wine with a chargeable weight of 1875 kilograms which for enhanced freight fees and charges Connoisseur and SAS contracted to carry from the place of receipt in or near Stockholm, Sweden, to the place of delivery in White Plains, New York, as described more fully in Connoisseur Air Waybill HE248023 and SAS Air Waybill 117 STO 68871073 both dated on or about June 3, 2019 (hereinafter "the Shipment").

12. The Shipment was in good order and condition at the door-pickup point in Sweden when the subject door-to-door carriage was initiated.

13. The aforementioned air waybills, which were issued "clean" and without exception or notation as to damage or other irregularity, represented that the Shipment was carried to the United States on Flight SK903/04.

14. During the course of transportation, handling, and/or storage by Defendants, or entities action on their behalf, the Shipment sustained damage, including but not limited to damage caused by exposure to excessive temperatures, which rendered the wine unfit for intended distribution, sale and end usage.

15. When the Shipment was delivered to the Zachy's receiving facility in White Plains, New York, on or about June 6, 2019 the wine was in damaged and depreciated condition.

16. Zachy's transmitted a written complaint to Connoisseur disclosing *inter alia* that "the shipment we received was deemed destroyed by heat damage."

17. The damage to the Shipment rendered it unfit for intended distribution, sale and usage.

18. As a result of the aforesaid, Plaintiff, and those on whose behalf it sues, sustained damages in the amount of $397,176.55 no part of which has been paid although duly demanded.

19. Plaintiff, who has complied with all conditions precedent required of it under the premises, sues herein on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

20. Each cause of action herein is pled in the alternative.

## FIRST CAUSE OF ACTION

### (Breach of Contract and Montreal Convention Air Treaty)

21. Plaintiff repeats and realleges the allegations in paragraphs 1 through 20 of this complaint.

22. This cause of action arises under the Montreal Convention.

23. For agreed consideration consisting of enhanced freight fees and charges, Defendants contracted to provide specialized care for the Shipment during all periods of custody and carriage, and to transport the Shipment from the place of receipt in Sweden to the place of delivery in White Plains, New York.

24. Defendants breached their duties and obligations under the carriage contracts, the air waybills, and under the Montreal Convention, by failing to provide the requisite care for the Shipment during carriage and custody from the place of receipt in Sweden to the place of delivery in the New York.

25. As a proximate result of the conditions to which the Shipment was exposed during the custody of Defendants or entities acting on their behalf the wine sustained damage and could not be distributed, sold, or consumed as intended.

26. By reason of the aforesaid Plaintiff, and those on whose behalf it sues, has sustained damages in the amount of $397,176.55 no part of which has been paid although duly demanded.

## SECOND CAUSE OF ACTION

### (Breach of Bailment Obligations)

27. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 6, 8 through 20 of this complaint.

28. At the time the aforementioned cargo damage occurred Defendants were acting as a bailees of the Shipment and in their own capacity, or through contractors, agents, servants or sub-bailees, had the duty to safely and properly keep, care for and deliver the shipment in the same good order and condition as when entrusted to it at the place of receipt.

29. Defendants also had a duty to ensure that the services provided for the Shipment were performed with reasonable care and in a non-negligent and workmanlike manner.

30. Defendants and/or entities acting on their behalf, breached the aforesaid duties and obligations and negligently delivered the Shipment in damaged condition to Zachy's at the place of delivery in White Plains, New York.

31.     By reason of the aforesaid plaintiff, and those on whose behalf it sues, has sustained damages in the amount of  $397,176.55 no part of which has been paid although duly demanded.

## THIRD  CAUSE OF ACTION

### (Negligence and/or Recklessness, and/or Willful Misconduct)

32.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 6,  8 through 20 of this complaint.

33.     At all material times Defendants had a duty in relation to the Shipment to properly handle, carry, monitor, protect, store and care for the cargo in question.

34.     The damage to the Shipment was caused by Defendants' negligence, recklessness, wanton neglect, willful misconduct, and/or other material deviations and fundamental breaches,  in that it, and its agents, servants,  sub-carriers, participating carriers, subcontractors, terminal operators, truck drivers, warehousemen and employees failed to properly handle, carry,  monitor, protect, store and care for the cargo in question.

35.     By reason of the aforesaid Plaintiff, and those on whose behalf it sues, has sustained damages in the amount of $397,176.55 no part of which has been paid although duly demanded.

WHEREFORE, Plaintiff respectfully demands judgment against Defendants jointly and severally and without limitation of any kind;

  (a) for the sum of $397,176.55;

  (b) for prejudgment interest at the rate of  9% *per annum;*

  (c) for the costs and disbursements of this action;

  (d) for such other and further relief as this Honorable Court deems proper and just.

Dated: New York, New York
May 19, 2020

                                                Law Office,
David L. Mazaroli

*s/David L. Mazaroli*

_____
David L. Mazaroli
Attorney for Plaintiff
250 Park Avenue – 7th Floor
New York, NY 10177
Tel.: (212)267-8480
Fax.: (212)732-7352
E-mail: dlm@mazarolilaw.com